**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DAVID E. GREENE, | : | |
| Plaintiff, | : | Case No.  3:07CV034 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| XENIA POLICE DEPARTMENT, et al. | : | |
| | : | |
| Defendants. | | |

**REPORT AND RECOMMENDATIONS[1]**

**I. INTRODUCTION**

On October 15, 2005, Mark Greene was pulled over by Officers Scott Beegle and  Marc Margioras of the Xenia Police Department.  When Officer Beegle approached the vehicle, Mr. Greene exited the vehicle and was restrained by Officer Beegle.  At some point a struggle ensued, which resulted in Mark Greene being taken to the ground with a "front trip technique." Plaintiff claims that after he was handcuffed, he felt something impact his knee, and a bad pain in his leg.  Mr. Greene was found to be in possession of a small plastic bag containing crack cocaine.  He was immediately transported to the hospital, where it was discovered that his knee was broken.  Mr. Greene had screws and plates surgically inserted into his knee the following week. In February 2007, Plaintiff filed his Complaint under 42 U.S.C. § 1983 alleging violations of his Fourth Amendment right to be free from excessive force during arrest.

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

On May 25, 2007, the parties held a discovery conference pursuant to Fed. R. Civ. P. 26(f). At this conference, Plaintiff agreed to be deposed on July 9, 2007. Defense counsel mailed a copy of a notice of video deposition to Plaintiff on May 29, 2007. A copy of that notice has been provided to the Court. On July 6, 2007, Plaintiff called defense counsel's secretary, Ms. Lori Dix, and stated he had somewhere to go and could not show up for his deposition scheduled to take place on July 9, 2007. Defense counsel allowed Plaintiff to reschedule his deposition. The deposition was rescheduled for August 29, 2007 at 10:00 a.m. in the Greene County Courthouse. Once again, a notice was mailed to Plaintiff regarding the scheduled deposition. On August 29, 2007, at 10:00 am, Officer Beegle, Officer Margioras, a videographer, a court reporter, and defense counsel were present for Plaintiff's deposition at the Greene County Courthouse. Plaintiff failed to appear for this deposition. The parties who were present for the deposition waited for 38 minutes for Plaintiff to arrive.

The case is before the Court upon Defendant's Motion to Dismiss (Doc. #18), Plaintiff's Memorandum In Opposition (Doc. #21), and Defendant's Reply in Support of Motion to Dismiss (Doc. #22). On October 31, 2007, the Court scheduled a hearing on November 29, 2007, on Defendant's Motion to Dismiss and advised Plaintiff that his failure to appear at the hearing may result in the dismissal of his complaint for failure to prosecute. (Doc. 23). Thereafter, Plaintiff failed to appear for the hearing.

## II. FAILURE TO APPEAR FOR A DEPOSITION

Defendants first seek to have Mr. Greene's claims dismissed for his failure to appear for his deposition under Fed. R. Civ. P. 37(d). In the alternative, they seek to have costs awarded caused by Plaintiff's failure to appear.

"A district court may dismiss a case under Fed. R. Civ. P. 37 only in extreme situations

that depict a clear record of delay or contumacious conduct by the sanctioned party.  The power to order such a dismissal is not unlimited." *Foster v. City of Cleveland Heights*, 1994 U.S. App. LEXIS 21896 (6th Cir. 1994) citing *Carter v. City of Memphis,* 636 F.2d 159 (6th Cir. 1980); *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958).  Furthermore, "the dismissal sanction should be used as a last resort after the court considers the feasibility of a lesser sanction." *Foster*, LEXIS 21896 at 4 citing *Beil v. Lakewood Eng'g & Mfg., Co.,* 15 F.36 546 (6th Cir. 1994).  "A pre-dismissal warning is pivotal to the appropriateness of a district court's dismissal of a case for failure to comply with discovery." *Foster,* LEXIS 21896 at 4, citing *Carver v. Bunch,* 946 F.2d 451, (6th Cir. 1991).

In this case, the record establishes that there is a history of delay or contumacious conduct by the Plaintiff.  He cancelled the first scheduled deposition and failed to appear for the second scheduled deposition. Plaintiff was specifically warned that his failure to appear at the hearing on Defendant's motion may result in dismissal, yet he did not appear.  In this case, dismissal is the proper sanction.  The Plaintiff should be ordered to pay the costs arising from his failure to appear.  The Defendants have submitted invoices which show that Plaintiff's failure to appear cost them $1,801.18.  The appropriate sanction in this case is the one which Fed. R. Civ. P. 37(d) lists as mandatory, the Plaintiff shall bear the reasonable expenses caused by his failure to appear.

## II.     FAILURE TO PROSECUTE UNDER FED. R. CIV. P. 41(b)

Defendants also argue that this action should be dismissed under Fed. R. Civ. P. 41(b) for the Plaintiff's failure to prosecute his claim.

The United States Court of Appeals for the Sixth Circuit has adopted a four factor test to determine whether dismissal of a claim for failure to prosecute is appropriate. *See Mulbah v.*

*Detroit Board of Education,* 261 F.3d 586 (6th Cir. 2001); *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick and GMC Trucks, Inc.,* 173 F.3d 988 (6th Cir. 1999); *Knoll v. AT&T,* 176 F.3d 359 (6th Cir. 1999); *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612 (6th Cir. 1998); *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364 (6th Cir. 1997).  The analysis includes the following: 1) whether the parties failure is due to willfulness, bad faith or fault; 2) whether the adversary was prejudiced, 3) whether the party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions are appropriate.

In this case, Plaintiff failed to appear for a duly noticed deposition and also failed to appear for the hearing set by the Court. Such conduct constitutes bad faith or willfulness. Plaintiff's failure to appear at deposition prejudiced the Defendants due to the unnecessary costs and time expended. Defendants also incurred additional costs as a result of appearing before the Court on their motion. Plaintiff was specifically warned that his failure to appear at the November 29, 2007 hearing on Defendant's motion could lead to the dismissal of his case. The imposition of a lesser sanction is not appropriate given Plaintiff's utter failure to prosecute his case.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 37(d) and 41(b) (Doc. #18) be GRANTED;

2. Plaintiff be ordered to pay $1,801.18 as costs resulting from his failure to appear for his deposition; and,

3. This case be terminated on the docket of this Court.


November 29, 2007

                   s/ Sharon L. Ovington
                  Sharon L. Ovington
               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).